IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT B. KLAIREN,  Plaintiff,  v.  AMAZON.COM, INC.  Defendant. | : Civ. No. 1:24-CV-1033 : : : : : (Chief Magistrate Judge Bloom) : : : : : |

MEMORANDUM OPINION

I. Introduction

This case comes before us on a motion to dismiss filed by the defendant, Amazon.Com, Inc. ("Amazon"). (Doc. 5). The *pro se* plaintiff, Albert B. Klairen, filed suit in state court after Amazon banned him from their platform and removed Klairen's content for purported violations of their terms and conditions. (Doc. 1-2 ¶ 6). Klairen contends that his reviews did not violate Amazon's terms and conditions, and that he was banned in retaliation for posting negative reviews of Amazon's content and for challenging their classification of a specific show, *Titans*. (*Id.* ¶¶ 3, 11). His claim alleges these actions subject Amazon to liability under the Communications Decency Act ("CDA"), 47 U.S.C. § 230. (*Id.* ¶ 11). Specifically, Klairen alleges violations of Section 230(e), which he

characterizes as requiring a moderator of content to act in good faith. (*Id.*). Klairen requests $1,000,000 in punitive damages. (*Id.* at 6).

Amazon removed the case to this court, and subsequently filed a motion to dismiss. (Docs. 1, 5). Amazon argues that Section 230 of the CDA does not create a private right of action, and thus, Klairen's claim fails as a matter of law. (Doc. 6). While that motion was being briefed, the parties learned that the underlying state court action had been dismissed with prejudice *before* it was removed to this court, but the dismissal was not inputted into the court's electronic docket until after Amazon removed the case to this court. (Doc. 9). Amazon now asks this court to remand the case back to state court, or in the alternative, to grant its motion to dismiss. (*Id.*).

After consideration, we conclude that Klairen's complaint fails to state a claim against Amazon as a matter of law. Accordingly, we will grant Amazon's motion to dismiss.

## II. Background

This controversy began in March of 2024 and relates to *Titans*, content hosted on Amazon's web site. (Doc. 1-2 ¶ 3). Klairen, whose occupation is a "shopper," apparently reviews Amazon products as part

of his work as a "reviewer and influencer." (*Id.*). On March 3, 2024, Klairen submitted a "negative" review of *Titans*. (*Id.*). That review was rejected by Amazon for violating their policies. (*Id.* ¶ 4). Speculating that his review was rejected because it contained profanity, Klairen omitted the profane language and resubmitted his review. (*Id.* ¶ 5).

On March 25, Klairen received an email banning him from Amazon altogether. (Doc. 1-2 ¶ 5). Klairen states that *Titans* is inaccurately labeled as rated for children when it is in fact "18+ content." (*Id.*). He contends that Amazon treats adult material differently, and that profane language is permitted in the context of adult content. (*Id.*). Klairen argues that his second review, which he presumes was considered profane for its use of the work "dick," was therefore not violative of Amazon's policies. (*Id.*). He further contends that, whatever the unspecified reasons for the ban were, they were pretextual, and Amazon's true intent is to retaliate against him for his negative review, and for complaining about the allegedly incorrect age classification of *Titans*. (*Id.* ¶¶ 3, 11).

On April 18, 2024, Klairen filed a *pro se* complaint with a Pennsylvania Magisterial District Judge purporting to sue Amazon

3

under 47 U.S.C. § 230(e). On May 30, 2024, that court dismissed the complaint without prejudice. *Albert Klairen v. Amazon Corporation Service Company*, No. MJ-12203-CV-74-2024. Klairen then refiled the complaint with the Dauphin County Court of Common Pleas on May 31, 2024. (Doc. 1-2).

On June 6, 2024, the Court of Common Pleas dismissed Klairen's claim with prejudice on the grounds that it was frivolous. (Doc. 8 at 34). Significantly, this order was not filed on the court's docket until 20 days later, on June 26, 2024. (Doc. 9-1). On June 24, Amazon, under the impression that the case was still pending in Dauphin County, removed the case to this court, and subsequently filed a motion to dismiss. (Docs. 1, 5). After Klairen responded to the motion, Amazon alerted the court to the June 4 dismissal in Dauphin County. (Doc. 9). Amazon requested that, pursuant to the dismissal, we remand to state court. (*Id.*). Klairen argued in reply that the dismissal was only of his *in forma pauperis* petition, not his actual claim, and so no remand was necessary. (Doc. 10).

The issue of what to do with a case that has been improperly removed after being dismissed with prejudice raises questions regarding this court's subject matter jurisdiction. However, even if we conclude that

4

we have subject matter jurisdiction over this action, Klairen's complaint fails to state a claim against Amazon as a matter of law. Accordingly, we will grant the defendant's motion to dismiss.

## III. Discussion

### A. Motion to Dismiss – Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal

conclusions or "a formulaic recitation of the elements of a cause of action." *Id.; see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court

can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

### B. The Defendant's Motion to Dismiss will be Granted.

As we have explained, this case is before us in an unusual procedural posture, in that the case was removed from state court after the case had been dismissed with prejudice due to a delay in filing the dismissal. Thus, the defendant effectively removed a closed case to this court. Accordingly, we are faced with the initial question of whether this court has subject matter jurisdiction in this case. We conclude that even if this court had subject matter jurisdiction over this case, Klairen's

complaint fails as a matter of law. Therefore, we will grant the defendant's motion to dismiss.

### 1. The Court Likely Lacks Subject Matter Jurisdiction over this Matter.

Federal courts have an "obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76 (3d Cir. 2003). Here, we are faced with a question of removal jurisdiction under 28 U.S.C. § 1441, which confers jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, . . . *where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). Thus, § 1441 "only authorizes removal of cases 'pending' in state court at the time the notice of removal is filed." *Smith v. Toyota Motor Sales, U.S.A. Corp.*, 2007 WL 1585157, at *3 (D.N.J. May 31, 2007). *See Boardakan Rest., LLC v. Atl. Pier Assocs., LLC*, 2012 WL 3651086, at *4 (E.D. Pa. Aug. 27, 2012) ("[A] dismissed case cannot be removed."); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 630 (7th Cir. 2007) ("It goes without saying that a dismissed case cannot be removed.").

Here, Klairen's underlying state court case was dismissed with prejudice on June 4, 2024. (Doc 9-1). But for a delay in electronic filing,

this case would not have been removable to this court. Because the underlying state court action was technically closed prior to Amazon removing the case to this court, there is no pending case in State court, and this court likely lacks subject matter jurisdiction of over the matter. *See Castano v. Signature Flight Support LLC*, 2022 WL 17070123, at *3 (D.N.J. Oct. 27, 2022) (collecting cases); *Smith*, 2007 WL 1585157, at *3.

But even if we were to conclude that subject matter jurisdiction was proper, as discussed below, Klairen's complaint fails to state a claim against Amazon.

### 2. The Complaint Fails to Invoke a Private Right of Action.

Amazon argues that the CDA does not create a private right of action, and that because Klairen has neither alleged nor implied any alternate right of action, the case must be dismissed for failure to state a claim upon which relief can be granted. (Doc. 6, at 10).

A right of action is the avenue by which an individual or entity can initiate legal action against another and can only be created by the U.S. Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979) (holding the only remedies available to plaintiffs are those "Congress enacted into law")).

The CDA's intent and effect are to provide immunity to internet companies for the speech of others in certain limited situations. *Green v. America Online (AOL),* 318 F.3d 465, 471 (3d Cir. 2003) ("By its terms, § 230 provides immunity to . . . a publisher or speaker of information originating from another information content provider."); *Saponaro v. Grindr, LLC*, 93 F. Supp.3d 319, 325 (D.N.J., 2015) ("[T]he CDA manifests a Congressional policy supporting broad immunity"); *Dimeo v. Max*, 433 F. Supp. 2d 523, 529 (E.D. Pa., 2006) (finding Congress's intention was to use the CDA to insulate content providers from liability).

The plain text of the CDA does not establish a private right of action. 47 U.S.C. § 230. Courts have consistently refused to find such a right. *See e.g., Viola v. A & E Television Networks*, 433 F. Supp. 613, 618 (W.D. Pa. 2006) ("[T]he authority to enforce the CDA lies with the proper government authorities and not with a private citizen"); *Cain v. Christine Valmy International School of Esthetics, Skin Care, and Makeup*, 216 F.Supp.3d 328, 334 (S.D.N.Y, 2016) ("Case law is unanimous that a private right of action is not available under the Communications Decency Act."). This Court will not find such a right of action where there was no clear congressional intent to create one. *See Ziglar v. Abbasi*, 582

U.S. 120, 133 (2017) ("If the statute itself does not display an intent to create a private remedy, then a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.")

Accordingly, given that Section 230 is a vehicle by which providers such as Amazon are issued immunity to certain types of liability, that Section 230 contains no rights-creating language, and that Congress did not intend to create such a right in the CDA, Klairen has no private right of action against Amazon under the CDA. Therefore, his claim fails as a matter of law, and we will grant the defendant's motion to dismiss.

IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss (Doc. 5) will be granted and this case dismissed without prejudice.

An appropriate order follows.

                                        *s/ Daryl F. Bloom*
                                        Daryl F. Bloom
                                        Chief United States Magistrate Judge

Dated: November 25, 2024